UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LACEY MARK SIVAK, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ADA COUNTY COURTS; et al., <br><br> Defendants-Appellees. | No. 19-35935 <br><br> D.C. No. 1:19-cv-00330-DCN <br> District of Idaho, <br> Boise <br><br> ORDER |

Before: THOMAS, Chief Judge, and BERZON and BRESS, Circuit Judges.

On September 11, 2019, the district court found that the Prisoner Litigation Reform Act's ("PLRA") "three strikes" provision barred appellant from bringing his complaint in forma pauperis because he had previously filed four actions that had been dismissed as frivolous, malicious, or for failure to state a claim, unless he he was under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). On October 29, 2019, the district court dismissed appellant's action for failure to pay the filing fee or show imminent danger of serious physical injury.

The district court improperly counted *Sivak v. Murphy, et al.*, Case No. 1:88-cv-01296-EJL (D. Idaho) as a strike because in this action summary judgment was granted in favor of certain defendants based on res judicata, and on the ground that Sivak failed to raise a genuine dispute of material fact as to his remaining claims. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044-45 (9th Cir. 2016) (summary

judgment dismissals count as strikes only if they are decided on the ground that the complaint was frivolous, malicious, or failed to state a claim).

The district court also improperly counted *Sivak v. Klauser*, Case No. 99-00600-BLW (D. Idaho) as a strike because this action was dismissed under Federal Rule of Civil Procedure 41(b) after Sivak failed to comply with the court's order to file his initial complaint. *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

We vacate the district court's September 11, 2019 order to the extent the district court determined that appellant may not proceed in forma pauperis unless he is in imminent danger of serious physical injury, and remand for further proceedings consistent with this order. By this order, we express no opinion whether appellant has incurred three strikes under the PLRA based on cases that were not addressed by the district court.

All pending motions are denied as moot.

**VACATED and REMANDED**